✎ JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
DAREN HEATHERLY; IRMA RAMIREZ; and DREES

## DEFENDANTS
PARAGON STEAKHOUSE RESTAURANT, INC.; and WILLARD H. FRAZIER

(b) County of Residence of First Listed Plaintiff  Sonoma County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Los Angeles County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Thomas E. Frankovich, APLC
2806 Van Ness Avenue, San Francisco, CA 94109
Tele: (415) 674-8600 Fax: (415) 674-9900

Attorneys (If Known)

ORIGINAL
08 3532 BZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **LABOR** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE
July 11, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1 THOMAS E. FRANKOVICH (State Bar No. 074414)
 THOMAS E. FRANKOVICH,
2 *A Professional Law Corporation*
 2806 Van Ness Avenue
3 San Francisco, CA 94109
 Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiffs
 DAREN HEATHERLY;
6 IRMA RAMIREZ; and
 DISABILITY RIGHTS
7 ENFORCEMENT, EDUCATION,
 SERVICES: HELPING YOU
8 HELP OTHERS



FILED

JUL 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**BZ**

9 CV 08 3532

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12

13 DAREN HEATHERLY, an individual;      )  **CASE NO.**
 IRMA RAMIREZ, an individual; and    )  **Civil Rights**
14 DISABILITY RIGHTS, ENFORCEMENT,   )
 EDUCATION, SERVICES:HELPING YOU )  **COMPLAINT FOR INJUNCTIVE RELIEF**
15 HELP OTHERS, a California public benefit )  **AND DAMAGES:**
 corporation,                        )
16                                     )  **1st CAUSE OF ACTION:** For Denial of Access
         Plaintiffs,                   )  by a Public Accommodation in Violation of the
17                                     )  Americans with Disabilities Act of 1990 (42
                                      )  U.S.C. §12101, *et seq.*)
18 v.                                   )
                                      )  **2nd CAUSE OF ACTION:** For Denial of Full
19 PARAGON STEAKHOUSE                   )  and Equal Access in Violation of California
 RESTAURANT, INC., a California       )  Civil Code §§54, 54.1 and 54.3
20 corporation dba HUNGRY HUNTER       )
 STEAKHOUSE # 210709; and WILLARD    )  **3rd CAUSE OF ACTION:** For Denial of
21 H. FRAZIER                          )  Accessible Sanitary Facilities in Violation of
                                      )  California Health & Safety Code §19955, *et seq.*
22         Defendants.                 )
                                      )  **4th CAUSE OF ACTION:** For Denial of
23 _____)  Access to Full and Equal Accommodations,
                                         Advantages, Facilities, Privileges and/or
24                                        Services in Violation of California Civil Code
                                         §51, *et seq.* (The Unruh Civil Rights Act)
25

26                                        **DEMAND FOR JURY**
27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ, each is an individual;
2  and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU
3  HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as
4  "DREES"), complain of defendants PARAGON STEAKHOUSE RESTAURANT, INC., a
5  California corporation dba HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H.
6  FRAZIER and allege as follows:
7  **INTRODUCTION:**

8    1.    This is a civil rights action for discrimination against persons with physical
9  disabilities, of which class plaintiffs DAREN HEATHERLY and IRMA RAMIREZ and the
10  membership of DREES are members, for failure to remove architectural barriers structural in
11  nature at defendants' HUNGRY HUNTER STEAKHOUSE # 210709, a place of public
12  accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly
13  situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity
14  to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.
15  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of
16  1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California
17  Health & Safety Code §19955, *et seq.*

18    2.    Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a person
19  with physical disabilities who, on or about February 22, 2008, April 6, 2008, April 13, 2008,
20  April 25, 2008, May 5, 2008 and May 21, 2008, was an invitee, guest, patron, customer at
21  defendants' HUNGERY HUNTER STEAKHOUSE # 210709, in the City of Santa Rosa,
22  California. At said time and place, defendants failed to provide proper legal access to the
23  steakhouse, which is a "public accommodation" and/or a "public facility" including, but not
24  limited to entrance, men's restroom and women's restroom. The denial of access was in violation
25  of both federal and California legal requirements, and plaintiff DAREN HEATHERLY and
26  plaintiff IRMA RAMIREZ both suffered violation of their civil rights to full and equal access,
27  and was embarrassed and humiliated.
28  ///

1 **JURISDICTION AND VENUE:**

2  3.  **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6 California law, whose goals are closely tied with the ADA, including but not limited to violations
7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8 *seq.*, including §19959; Title 24 California Building Standards Code.

9  4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10 founded on the facts that the real property which is the subject of this action is located at/near
11 3785 Cleveland Avenue, in the City of Santa Rosa, County of Sonoma, State of California, and
12 that plaintiffs' causes of action arose in this county.

13 **PARTIES:**

14  5.  Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a
15 "physically handicapped person", a "physically disabled person", and a "person with physical
16 disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person
17 with physical disabilities" are used interchangeably, as these words have similar or identical
18 common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety
19 Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51,
20 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically
21 disabled persons"). Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each is a
22 "person with physical disabilities", as defined by all applicable California and United States
23 laws. Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip
24 replacement. Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff DAREN
25 HEATHERLY and plaintiff IRMA RAMIREZ each require the use of a wheelchair to travel
26 about in public. Consequently, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ
27 each is a member of that portion of the public whose rights are protected by the provisions of
28 Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and

2    51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42

3    U.S.C. §12101, *et seq.*

4        6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

5    HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

6    with persons with disabilities to empower them to be independent in American society.  DREES

7    accomplishes its goals and purposes through education on disability issues, enforcement of the

8    rights of persons with disabilities, and the provision of services to persons with disabilities, the

9    general public, public agencies and the private business sector.  DREES brings this action on

10    behalf of its members, many of whom are persons with physical disabilities and whom have

11    standing in their right to bring this action.

12        7.    That members of DREES, like plaintiff DAREN HEATHERLY and plaintiff

13    IRMA RAMIREZ, will or have been guests and invitees at the subject HUNGRY HUNTER

14    STEAKHOUSE # 210709 , and that the interests of plaintiff DREES in removing architectural

15    barriers at the subject HUNGRY HUNTER STEAKHOUSE # 210709 advance the purposes of

16    DREES to assure that all public accommodations, including the subject steakhouse, are

17    accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff

18    DREES as alleged herein is purely statutory in nature.

19        8.    Defendants PARAGON STEAKHOUSE RESTAURANT, INC., a California

20    corporation dba HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER

21    (hereinafter alternatively collectively referred to as "defendants") are the owners and operators,

22    lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public

23    accommodation known as  HUNGRY HUNTER STEAKHOUSE # 210709, located at/near 3785

24    Cleveland Avenue, Santa Rosa, California, or of the building and/or buildings which constitute

25    said public accommodation.

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    9.    At all times relevant to this complaint, defendants PARAGON STEAKHOUSE

2  RESTAURANT, INC., a California corporation dba HUNGRY HUNTER STEAKHOUSE

3  # 210709; and WILLARD H. FRAZIER , own and operate in joint venture the subject

4  HUNGRY HUNTER STEAKHOUSE  # 210709 as a public accommodation.  This business is

5  open to the general public and conducts business therein.  The business is a "public

6  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

7  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

8  *seq.*

9    10.    At all times relevant to this complaint, defendants PARAGON STEAKHOUSE

10  RESTAURANT, INC., a California corporation dba HUNGRY HUNTER STEAK HOUSE

11  # 210709; and WILLARD H. FRAZIER are jointly and severally responsible to identify and

12  remove architectural barriers at the subject HUNGRY HUNTER STEAKHOUSE # 21079

13  pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

14  part:

        **§ 36.201    General**

            (b) *Landlord and tenant responsibilities.* Both the landlord
        who owns the building that houses a place of public
        accommodation and the tenant who owns or operates the place of
        public accommodation are public accommodations subject to the
        requirements of this part.  As between the parties, allocation of
        responsibility for complying with the obligations of this part may
        be determined by lease or other contract.

        28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

    11.    The HUNGRY HUNTER STEAKHOUSE #210709, is a restaurant, located

at/near 3785 Cleveland Avenue, Santa Rosa, California.  The HUNGRY HUNTER

STEAKHOUSE #210709, its entrance, men's restroom, women's restroom, and its other

facilities are each a "place of public accommodation or facility" subject to the barrier removal

requirements of the Americans with Disabilities Act.  On information and belief, each such

facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

which has subjected the HUNGRY HUNTER STEAKHOUSE #21079 and each of its facilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  its entrance, men's restroom and women's restroom to disability access requirements per the

2  Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

3  California Code of regulations (Title 24).

4      12.    At all times stated herein, plaintiff DAREN HEATHERLY and plaintiff IRMA

5  RAMIREZ each was a member of DREES.

6      13.    At all times referred to herein and continuing to the present time, defendants, and

7  each of them, advertised, publicized and held out the HUNGRY HUNTER STEAKHOUSE

8  #210709 as being handicapped accessible and handicapped usable.

9      14.    On or about February 22, 2008, April 6, 2008, April 13, 2008, April 25, 2008,

10  May 5, 2008 and May 21, 2008, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ

11  each was an invitee and guest at the subject HUNGRY HUNTER STEAKHOUSE #210709, for

12  purposes of having food and beverage.

13      15.    On or about February 22, 2008, plaintiff DAREN HEATHERLY and plaintiff

14  IRMA RAMIREZ went to the HUNGRY HUNTER STEAKHOUSE to celebrate plaintiff

15  DAREN HEATHERLY's belated birthday.  Plaintiff DAREN HEATHERLY and plaintiff IRMA

16  RAMIREZ encountered an entrance at the top of the ramp/stairs that had a dangerously

17  inadequate maneuvering area.

18      16.    At said time and place, plaintiff DAREN HEATHERLY and plaintiff IRMA

19  RAMIREZ were able to gain entrance and have a meal.

20      17.    At said time and place, plaintiff DAREN HEATHERLY and plaintiff IRMA

21  RAMIREZ each had need to use a restroom.  Plaintiff DAREN HEATHERLY attempted to use

22  the men's restroom.  Plaintiff IRMA RAMIREZ attempted to use the women's restroom.

23      18.    At said time and place, plaintiff DAREN HEATHERLY  used the men's restroom

24  and found that the stall which had the parallel grab bars was too inadequate for safe use.  Plaintiff

25  DAREN HEATHERLY stressed and strained himself attempting to use the men's restroom.

26      19.    At said time and place, plaintiff IRMA RAMIREZ used the women's restroom

27  and found that the stall which had the parallel grab bars was too inadequate for safe use.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff IRMA RAMIREZ stressed and strained her back and upper extremities attempting to
2   use the stall.

3       20.     At said time and place, plaintiff DAREN HEATHERLY and plaintiff IRMA
4   RAMIREZ formed the opinion that the configuration of the grab bars and the stal(s) was an
5   "old fashion" approach to restroom accessibility, which would cause most wheelchair users to do
6   a pirouette type ballerina move to use the stall(s).

7       21.     On or about April 6, 2008, April 13, 2008, April 25, 2008, May 5, 2008 and
8   May 21, 2008, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ returned to
9   HUNGRY HUNTER STEAKHOUSE # 210709. Plaintiffs encountered all the same barriers as
10  stated herein. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ stressed and
11  strained themselves causing trauma to their bodies as a result of defendants' negligence in the
12  maintenance of the existing restrooms.

13      22.     On or about May 28, 2008, plaintiff IRMA RAMIREZ wrote both the landlord
14  and the tenant about the access problems. Plaintiff IRMA RAMIREZ never received a response.

15      23.     Therefore, at said time(s) and place, plaintiff DAREN HEATHERLY and plaintiff
16  IRMA RAMIREZ, each a person with a disability, encountered the following inaccessible
17  elements of the subject HUNGRY HUNTER STEAKHOUSE # 210709 which constituted
18  architectural barriers and a denial of the proper and legally-required access to a public
19  accommodation to persons with physical disabilities including, but not limited to:

20              a.      lack of an accessible entrance due to an inadequate landing;

21              b.      lack of a handicapped-accessible women's public restroom;

22              c.      lack of a handicapped-accessible men's public restroom; and

23              d.      On personal knowledge, information and belief, other public facilities and
                        elements too numerous to list were improperly inaccessible for use by
24                      persons with physical disabilities.

25      24.     At all times stated herein, the existence of architectural barriers at defendants'
26  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
27  with the Americans with Disabilities Act of 1990 either then, now or in the future.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    25.    On or about May 28, 2008, defendant(s) were sent two (2) letters by or on behalf of
2  plaintiffs DAREN HEATHERLY and IRMA RAMIREZ advising of the existence of architectural
3  barriers, requesting a response within 14 days and requesting remedial measures be undertaken
4  within 90 days or an explanation of why the time limit set could not be met and/or extenuating
5  circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by
6  reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not
7  to seek or engage in an early and reasonable resolution of the matter.

8    26.    At all times stated herein, defendants, and each of them, did not act as reasonable
9  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
10  removing architectural barriers that would foreseeably prevent plaintiff DAREN HEATHERLY
11  and plaintiff IRMA RAMIREZ from receiving the same goods and services as able bodied people
12  and some of which may and did pose a threat of harm and/or personal injury to people with
13  disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers
14  encountered by each plaintiff, each plaintiff suffered bodily injury.

15    27.    As a legal result of defendants PARAGON STEAKHOUSE RESTAURANT,
16  INC., a California corporation dba HUNGRY HUNTER STEAKHOUSE # 210709; and
17  WILLARD H. FRAZIER's failure to act as a reasonable and prudent public accommodation in
18  identifying, removing or creaing architectural barriers, policies, practices and procedures that
19  denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as
20  alleged herein.

21    28.    As a further legal result of the actions and failure to act of defendants, and as a
22  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
23  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
24  DAREN HEATHERLY and plaintiff IRMA RAMIREZ suffered a loss of his/her civil rights and
25  his/her rights as a person with physical disabilities to full and equal access to public facilities, and
26  further suffered bodily injury on or about February 22, 2008, April 6, 2008, April 13, 2008, April
27  25, 2008, May 5, 2008 and May 21, 2008, including, but not limited to, fatigue, stress, strain and
28  pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1 architectural barriers.  Specifically, as a legal result of defendants negligence in the design,
2 construction and maintenance of the existing disabled stall(s) in each restroom.  Plaintiff DAREN
3 HEATHERLY and plaintiff IRMA RAMIREZ suffered continuous, repetitive and cumulative
4 trauma to his/her right/left upper extremities while attempting to transfer to the water closet.

5      29.     Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each
6 suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but
7 is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry,
8 expectedly and naturally associated with a person with physical disabilities being denied access,
9 all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No
10 claim is being made for mental and emotional distress over and above that usually associated with
11 the discrimination and physical injuries claimed, and no expert testimony regarding this usual
12 mental and emotional distress will be presented at trial in support of the claim for damages.

13      30.     Defendants', and each of their, failure to remove the architectural barriers
14 complained of herein created, at the time of plaintiff DAREN HEATHERLY's and plaintiff
15 IRMA RAMIREZ's first visit to said public accommodation, and continues to create continuous
16 and repeated exposure to substantially the same general harmful conditions which caused plaintiff
17 DAREN HEATHERLY and plaintiff IRMA RAMIREZ harm as stated herein.

18      31.     Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ and the
19 membership of DREES were denied their rights to equal access to a public facility by defendants
20 PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY
21 HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, because defendants
22 PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY
23 HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER maintained a restaurant
24 without access for persons with physical disabilities to its facilities, including but not limited to
25 the entrance, men's restroom, women's restroom and other public areas as stated herein, and
26 continue to the date of filing this complaint to deny equal access to plaintiffs and other persons
27 with physical disabilities in these and other ways.

28 ///

1    32.    On information and belief, construction alterations carried out by defendants have
2  also triggered access requirements under both California law and the Americans with Disabilities
3  Act of 1990.

4    33.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the HUNGRY
5  HUNTER STEAKHOUSE # 210709 to be made accessible to meet the requirements of both
6  California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
7  long as defendants operate the steakhouse as a public facility.

8    34.    Plaintiffs seek damages for violation of their civil rights on February 22, 2008,
9  April 6, 2008, April 13, 2008, April 25, 2008, May 5, 2008 and May 21, 2008 and they seek
10  statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000
11  pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury)
12  determines was the date that some or all remedial work should have been completed under the
13  standard that the landlord and tenant had an ongoing duty to identify and remove architectural
14  barriers where it was readily achievable to do so, which deterred plaintiff DAREN HEATHERLY
15  and plaintiff IRMA RAMIREZ from returning to the subject public accommodation because of
16  his/her knowledge and/or belief that neither some or all architectural barriers had been removed
17  and that said premises remains inaccessible to persons with disabilities whether a wheelchair user
18  or otherwise.

19    35.    On information and belief, defendants have been negligent in their affirmative duty
20  to identify the architectural barriers complained of herein and negligent in the removal of some or
21  all of said barriers.

22    36.    Because of defendants' violations, plaintiffs and other persons with physical
23  disabilities are unable to use public facilities such as those owned and operated by defendants on a
24  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
25  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
26  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling
27  defendants to make the steakhouse accessible to persons with disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       37.    On information and belief, defendants have intentionally undertaken to modify and

2 alter existing building(s), and have failed to make them comply with accessibility requirements

3 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each

4 of them, in failing to provide the required accessible public facilities at

5 the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

6 despicable conduct carried out by defendants, and each of them, with a willful and conscious

7 disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

8 trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

9 profound example of defendants, and each of them, to other operators of other steakhouses and

10 other public facilities, and to punish defendants and to carry out the purposes of the Civil Code

11 §§ 51, 51.5 and 54.

12      38.    Plaintiffs are informed and believe and therefore allege that defendants

13 PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY

14 HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, and each of them, caused the

15 subject building(s) which constitute the HUNGRY HUNTER STEAKHOUSE #210709 to be

16 constructed, altered and maintained in such a manner that persons with physical disabilities were

17 denied full and equal access to, within and throughout said building(s) of the steakhouse and were

18 denied full and equal use of said public facilities. Furthermore, on information and belief,

19 defendants have continued to maintain and operate said steakhouse and/or its building(s) in such

20 conditions up to the present time, despite actual and constructive notice to such defendants that

21 the configuration of HUNGRY HUNTER STEAKHOUSE #210709 and/or its building(s) is in

22 violation of the civil rights of persons with physical disabilities, such as plaintiff DAREN

23 HEATHERLY and plaintiff IRMA RAMIREZ, the membership of plaintiff DREES and the

24 disability community which DREES serves. Such construction, modification, ownership,

25 operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

26 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1       39.     On personal knowledge, information and belief, the basis of defendants' actual and

2  constructive notice that the physical configuration of the facilities including, but not limited to,

3  architectural barriers constituting the HUNGRY HUNTER STEAKHOUSE #210709 and/or

4  building(s) was in violation of the civil rights of persons with physical disabilities, such as

5  plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff

6  DAREN HEATHERLY himself, plaintiff IRMA RAMIREZ herself, owners of other restaurants,

7  hotels, motels and businesses, notices they obtained from governmental agencies upon

8  modification, improvement, or substantial repair of the subject premises and other properties

9  owned by these defendants, newspaper articles and trade publications regarding the Americans

10  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

11  Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants'

12  failure, under state and federal law, to make the HUNGRY HUNTER STEAKHOUSE  #210709

13  accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

14  other similarly situated persons with disabilities.  Despite being informed of such effect on

15  plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

16  defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

17  situation and to provide full and equal access for plaintiffs and other persons with physical

18  disabilities to the HUNGRY HUNTER STEAKHOUSE #210709.  Said defendants, and each of

19  them, have continued such practices, in conscious disregard for the rights of plaintiffs and other

20  persons with physical disabilities, up to the date of filing of this complaint, and continuing

21  thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein

22  by virtue of the demand letter addressed to the defendants and served concurrently with the

23  summons and complaint.  Said conduct, with knowledge of the effect it was and is having on

24  plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious

25  disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the

26  imposition of treble damages per Civil Code §§52 and 54.3.

27  ///

28  ///

1    40.    Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and plaintiff DREES,

2 on behalf of its membership and the disability community which it serves, consisting of persons

3 with disabilities, would, could and will return to the subject public accommodation when it is

4 made accessible to persons with disabilities.

5 **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
6 **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
     (On behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY
7    RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
     OTHERS, a California public benefit corporation and Against Defendants
8    PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation dba
     HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive)
9    (42 U.S.C. §12101, *et seq.*)

10    41.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11 allegations contained in paragraphs 1 through 40 of this complaint.

12    42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14 protect:

15              some 43 million Americans with one or more physical or mental
               disabilities; [that] historically society has tended to isolate and
16              segregate individuals with disabilities; [that] such forms of
               discrimination against individuals with disabilities continue to be a
17              serious and pervasive social problem; [that] the nation's proper
               goals regarding individuals with disabilities are to assure equality of
18              opportunity, full participation, independent living and economic
               self-sufficiency for such individuals; [and that] the continuing
19              existence of unfair and unnecessary discrimination and prejudice
               denies people with disabilities the opportunity to compete on an
20              equal basis and to pursue those opportunities for which our free
               society is justifiably famous.
21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1      46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2   42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
          that screen out or tend to screen out an individual with a disability
4         or any class of individuals with disabilities from fully and equally
          enjoying any goods, services, facilities, privileges, advantages, or
5         accommodations, unless such criteria can be shown to be necessary
          for the provision of the goods, services, facilities, privileges,
6         advantages, or accommodations being offered;

7              (ii)   a failure to make reasonable modifications in
          policies, practices, or procedures, when such modifications are
8         necessary to afford such goods, services, facilities, privileges,
          advantages or accommodations to individuals with disabilities,
9         unless the entity can demonstrate that making such modifications
          would fundamentally alter the nature of such goods, services,
10        facilities, privileges, advantages, or accommodations;

11             (iii)  a failure to take such steps as may be necessary to
          ensure that no individual with a disability is excluded, denied
12        services, segregated or otherwise treated differently than other
          individuals because of the absence of auxiliary aids and services,
13        unless the entity can demonstrate that taking such steps would
          fundamentally alter the nature of the good, service, facility,
14        privilege, advantage, or accommodation being offered or would
          result in an undue burden;

15
               (iv)   a failure to remove architectural barriers, and
16        communication barriers that are structural in nature, in existing
          facilities . . . where such removal is readily achievable; and
17
               (v)    where an entity can demonstrate that the removal of
18        a barrier under clause (iv) is not readily achievable, a failure to
          make such goods, services, facilities, privileges, advantages or
19        accommodations available through alternative methods if such
          methods are readily achievable.
20
    The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public
21
    Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective
22
    January 31, 1993, the standards of the ADA were also incorporated into California Civil Code
23
    §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.
24
       47.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was
25
    at all times after January 26, 1992 "readily achievable" as to the subject building(s) of HUNGRY
26
    HUNTER STEAKHOUSE #210709 pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On
27
    information and belief, if the removal of all the barriers complained of herein together was not
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1  "readily achievable," the removal of each individual barrier complained of herein was "readily
2  achievable." On information and belief, defendants' failure to remove said barriers was likewise
3  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
4  (b)(2)(A)(i)and (ii).

5      48.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
6  accomplishable and able to be carried out without much difficulty or expense." The statute
7  defines relative "expense" in part in relation to the total financial resources of the entities
8  involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that
9  plaintiffs complain of herein were and are "readily achievable" by the defendants under the
10  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
11  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
12  make the required services available through alternative methods which were readily achievable.

13      49.    On information and belief, construction work on, and modifications of, the subject
14  building(s) of HUNGRY HUNTER STEAKHOUSE #210709 occurred after the compliance date
15  for the Americans with Disabilities Act, January 26, 1992, independently triggering access
16  requirements under Title III of the ADA.

17      50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
18  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
19  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
20  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
21  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
22  returning to or making use of the public facilities complained of herein so long as the premises
23  and defendants' policies bar full and equal use by persons with physical disabilities.

24      51.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
25  disability to engage in a futile gesture if such person has actual notice that a person or
26  organization covered by this title does not intend to comply with its provisions". Pursuant to this
27  section, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ have not returned to
28  defendants' premises since on or about February 22, 2008, April 6, 2008, April 13, 2008,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1  April 25, 2008, May 5, 2008 and May 21, 2008, but on information and belief, alleges that

2  defendants have continued to violate the law and deny the rights of plaintiffs and of other persons

3  with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2),

4  "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter

5  facilities to make such facilities readily accessible to and usable by individuals with disabilities to

6  the extent required by this title".

7        52.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

8  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

9  the Americans with Disabilities Act of 1990, including but not limited to an order granting

10 injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

11 deemed to be the prevailing party.

12        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

13 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
14      (On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY
        RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
15      OTHERS, a California public benefit corporation, and Against Defendants PARAGON
        STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY
16      HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)
17
        53.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the
18
   allegations contained in paragraphs 1 through 52 of this complaint.
19
        54.    At all times relevant to this action, California Civil Code §54 has provided that
20
   persons with physical disabilities are not to be discriminated against because of physical handicap
21
   or disability.  This section provides that:
22
                    (a) Individuals with disabilities . . . have the same rights as
23              the general public to full and free use of the streets, highways,
                sidewalks, walkways, public buildings, medical facilities, including
24              hospitals, clinics, and physicians' offices, and other public places.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    55.    California Civil Code §54.1 provides that persons with disabilities shall not be

2    denied full and equal access to places of public accommodation or facilities:

3                    (a)(1) Individuals with disabilities shall be entitled to full
               and equal access, as other members of the general public, to
4              accommodations, advantages, facilities, medical facilities, including
               hospitals, clinics, and physicians' offices, and privileges of all
5              common carriers, airplanes, motor vehicles, railroad trains,
               motorbuses, streetcars, boats, or any other public conveyances or
6              modes of transportation (whether private, public, franchised,
               licensed, contracted, or otherwise provided), telephone facilities,
7              adoption agencies, private schools, hotels, lodging places, places of
               public accommodation, amusement or resort, and other places to
8              which the general public is invited, subject only to the conditions
               and limitations established by law, or state or federal regulation, and
9              applicable alike to all persons.

10               Civil Code §54.1(a)(1)

11    56.    California Civil Code §54.1 further provides that a violation of the Americans with

12    Disabilities Act of 1990 constitutes a violation of section 54.1:

13                    (d) A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336) also
14             constitutes a violation of this section, and nothing in this section
               shall be construed to limit the access of any person in violation of
15             that act.

16               Civil Code §54.1(d)

17    57.    Plaintiff DAREN HEATHERLY, plaintiff IRMA RAMIREZ and the membership

18    of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been

19    infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code

20    §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail

21    and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

22    Plaintiffs have been and continue to be denied full and equal access to defendants' HUNGRY

23    HUNTER STEAKHOUSE # 210709. As a legal result, plaintiffs are entitled to seek damages

24    pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

25    each day on which they visited or have been deterred from visiting the steakhouse because of their

26    knowledge and belief that the steakhouse is inaccessible to persons with disabilities.

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1 California Civil Code §54.3(a) provides:

> 2 Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> 3 in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> 4 liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> 5 to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> 6 attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> 7 Sections 54, 54.1 and 54.2.

8       Civil Code §54.3(a)

9       58.     On or about February 22, 2008, April 6, 2008, April 13, 2008, April 25, 2008, May

10 5, 2008 and May 21, 2008, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each

11 suffered violations of Civil Code §§54 and 54.1 in that plaintiff DAREN HEATHERLY and

12 plaintiff IRMA RAMIREZ each was denied access to the entrance, men's restroom, women's

13 restroom and other public facilities as stated herein at the HUNGRY HUNTER STEAKHOUSE #

14 210709 and on the basis that plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ

15 each was a person with physical disabilities.

16       59.     As a result of the denial of equal access to defendants' facilities due to the acts and

17 omissions of defendants, and each of them, in owning, operating and maintaining these subject

18 public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

19 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff DAREN HEATHERLY and plaintiff

20 IRMA RAMIREZ suffered physical discomfort, bodily injury on or about February 22, 2008,

21 April 6, 2008, April 13, 2008, April 25, 2008, May 5, 2008 and May 21, 2008,  including but not

22 limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on,

23 down, to, over, around and through architectural barriers.  Specifically, as a legal result of

24 defendants negligence in the design, construction and maintenance of the existing stall(s) in the

25 respective men's and women's restroom, plaintiff DAREN HEATHERLY and plaintiff IRMA

26 RAMIREZ suffered continuous, repetitive and cumulative trauma to his/her extremities while

27 attempting to use the stall(s).

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1       60.    Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each

2  suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation,

3  embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and

4  naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's

5  damages as hereinafter stated. Defendants' actions and omissions to act constituted

6  discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that

7  represents persons with physical disabilities and unable, because of the architectural barriers

8  created and maintained by the defendants in violation of the subject laws, to use the public

9  facilities hereinabove described on a full and equal basis as other persons.

10       61.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

11  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

12  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

13  about May 21, 2008, and on a continuing basis since then, including statutory damages, a trebling

14  of all of actual damages, general and special damages available pursuant to §54.3 of the Civil

15  Code according to proof.

16       62.    As a result of defendants', and each of their, acts and omissions in this regard,

17  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

18  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

19  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

20  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

21  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

22  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

23  to compel the defendants to make their facilities accessible to all members of the public with

24  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

25  the provisions of §1021.5 of the Code of Civil Procedure.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
   **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3    (On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ, and DISABILITY
     RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
4    OTHERS, a California public benefit corporation and Against Defendants PARAGON
     STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY
5    HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive)
     (Health & Safety Code §19955, *et seq.*)

6
       63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
7
     allegations contained in paragraphs 1 through 62 of this complaint.
8
       64.    Health & Safety Code §19955 provides in pertinent part:
9
             The purpose of this part is to insure that public accommodations or
10           facilities constructed in this state with private funds adhere to the
             provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
11           of Title 1 of the Government Code. For the purposes of this part
             "public accommodation or facilities" means a building, structure,
12           facility, complex, or improved area which is used by the general
             public and shall include auditoriums, hospitals, theaters, restaurants,
13           hotels, motels, stadiums, and convention centers. When sanitary
             facilities are made available for the public, clients or employees in
14           such accommodations or facilities, they shall be made available for
             the handicapped.
15
       65.    Health & Safety Code §19956, which appears in the same chapter as §19955,
16
     provides in pertinent part, "accommodations constructed in this state shall conform to the
17
     provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
     Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
     public accommodations constructed or altered after that date. On information and belief, portions
20
     of the HUNGRY HUNTER STEAKHOUSE and/or of the building(s) were constructed and/or
21
     altered after July 1, 1970, and substantial portions of the steakhouse and/or the building(s) had
22
     alterations, structural repairs, and/or additions made to such public accommodations after July 1,
23
     1970, thereby requiring said steakhouse and/or building to be subject to the requirements of Part
24
     5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or
25
     additions per Health & Safety Code §19959.
26
     ///
27
     ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

66.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of THE HUNGRY HUNTER STEAKHOUSE and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

67.     Restaurants such as the HUNGRY HUNTER STEAKHOUSE # 210709 are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

68.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

69.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 │ and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

2 │ 3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

3 │ party.

4 │      70.   Plaintiffs seek injunctive relief for an order compelling defendants, and each of

5 │ them, to make the subject place of public accommodation readily accessible to and usable by

6 │ persons with disabilities.

7 │      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

8 │ **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
   EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

9 │ **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
   SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

10 │ (On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY
    RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP

11 │ OTHERS, a California public benefit corporation, and Against Defendants
    PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation dba

12 │ HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER  inclusive)
    (Civil Code §51, 51.5)

13 │

14 │      71.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

15 │ allegations contained in paragraphs 1 through 70 of this complaint.

     72.   Defendants' actions and omissions and failure to act as a reasonable and prudent

16 │ public accommodation in identifying, removing and/or creating architectural barriers, policies,

17 │ practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

18 │ Unruh Act provides:

19 │

20 │        This section shall be known, and may be cited, as the Unruh
           Civil Rights Act.

21 │        All persons within the jurisdiction of this state are free and

22 │        equal, and no matter what their sex, race, color, religion, ancestry,
           national origin, or **disability** are entitled to the full and equal

23 │        accommodations, advantages, facilities, privileges, or services in all
           business establishments of every kind whatsoever.

24 │        This section shall not be construed to confer any right or

25 │        privilege on a person that is conditioned or limited by law or that is
           applicable alike to persons of every sex, color, race, religion,

26 │        ancestry, national origin, or **disability.**

27 │ ///

28 │ ///

1

2   Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

3

4

5

6

7   A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

8

9   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

10  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

11  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

12  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

13  defendants, and each of them.

14  73.    The acts and omissions of defendants stated herein are discriminatory in nature and

15  in violation of Civil Code §51.5:

16  No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
suppliers, or customers.

17

18

19

20  As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
limited liability company, or company.

21

22  Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

23

24

25

26

27  74.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

28  accommodations, advantages, facilities, privileges and services in a business establishment, on the

1  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
2  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
3  right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
4  shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
5  their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as
6  if repled herein.

7      75.    As a legal result of the violation of plaintiff DAREN HEATHERLY's and plaintiff
8  IRMA RAMIREZ's civil rights as hereinabove described, plaintiff DAREN HEATHERLY and
9  plaintiff IRMA RAMIREZ each has suffered general damages, bodily injury on or about
10  February 22, 2008, April 6, 2008, April 13, 2008, April 25, 2008, May 5, 2008 and May 21,
11  2008, including but not limited to, fatigue, stress, strain and pain in wheeling and attempting to
12  and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically,
13  as a legal result of defendants negligence in the design, construction and maintenance of the
14  existing old fashion restroom stall(s), plaintiffs suffered continuous, repetitive and cumulative
15  trauma to his/her upper extremities while attempting to use the respective stall(s).

16      76.    Further, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ each
17  suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and
18  incurred reasonable attorneys' fees and costs). Plaintiffs DAREN HEATHERLY,
19  IRMA RAMIREZ and DREES are entitled to the rights and remedies of §52(a) of the Civil Code,
20  including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and
21  general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,
22  according to proof if deemed to be the prevailing party.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1 **PRAYER:**

2    Plaintiffs pray that this court award damages and provide relief as follows:

3 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
   **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
   (On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY
5 RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
   OTHERS, a California public benefit corporation, and Against Defendants PARAGON
6 STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY
   HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive)
7 (42 U.S.C. §12101, *et seq.*)

8    1.    For injunctive relief, compelling defendants PARAGON STEAKHOUSE

9 RESTAURANT, INC., a California corporation dba HUNGRY HUNTER STEAKHOUSE #

10 210709; and WILLARD H. FRAZIER, inclusive, to make the HUNGRY HUNTER

11 STEAKHOUSE #210709, located at 3785 Cleveland Avenue, Santa Rosa, California, readily

12 accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to

13 make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

14 afford full access to the goods, services, facilities, privileges, advantages and accommodations

15 being offered.

16    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

17 the prevailing party; and

18    3.    For such other and further relief as the court may deem proper.

19 **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
   **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
20 **AND 54.3, *ET SEO.***
   (On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY
21 RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
   OTHERS, a California public benefit corporation, and Against Defendants PARAGON
22 STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY
   HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive)
23 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

24    1.    For injunctive relief, compelling defendants PARAGON STEAKHOUSE

25 RESTAURANT, INC., a California corporation dba HUNGRY HUNTER STEAKHOUSE #

26 210709; and WILLARD H. FRAZIER, inclusive, to make the HUNGRY HUNTER

27 STEAKHOUSE #210709, located at 3785 Cleveland Avenue, Santa Rosa, California, readily

28 accessible to and usable by individuals with disabilities, per state law.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2  each occasion on which plaintiffs were deterred from returning to the subject public

3  accommodation.

4     3.     Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

5  §1021.5, if plaintiffs are deemed the prevailing party;

6     4.     Treble damages pursuant to Civil Code §54.3;

7     5.     For all costs of suit;

8     6.     Prejudgment interest pursuant to Civil Code §3291;

9     7.     Such other and further relief as the court may deem just and proper.

10 **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
               **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

11      **AND 54.3, *ET SEO.***
          (On Behalf of Plaintiff DAREN HEATHERLY, Plaintiff IRMA RAMIREZ, and Against

12    Defendants PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation
          dba HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER,

13    inclusive),
          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

14

         1.     General and compensatory damages according to proof.

15

  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**

16      **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
          **§19955, *ET. SEO.***

17    (On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY
          RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP

18    OTHERS, a California public benefit corporation, and Against Defendants PARAGON
          STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY

19    HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive)
          (Health & Safety code §19955, *et seq.*)

20

         1.     For injunctive relief, compelling defendants PARAGON STEAKHOUSE

21

RESTAURANT, INC., a California corporation dba HUNGRY HUNTER STEAKHOUSE #

22

210709; and WILLARD H. FRAZIER, inclusive, to make the HUNGRY HUNTER

23

STEAKHOUSE #210709, located at 3785 Cleveland Avenue, Santa Rosa, California, readily

24

accessible to and usable by individuals with disabilities, per state law.

25

         2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

26

and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

27  ///

28

1     3.    For all costs of suit;

2     4.    For prejudgment interest pursuant to Civil Code §3291;

3     5.    Such other and further relief as the court may deem just and proper.

**V.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation dba HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

     1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

     2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

     3.    Treble damages pursuant to Civil Code §52(a);

     4.    For all costs of suit;

     5.    Prejudgment interest pursuant to Civil Code §3291; and

     6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff DAREN HEATHERLY, Plaintiff IRMA RAMIREZ, and Against
Defendants PARAGON STEAKHOUSE RESTAURANT, INC., a California corporation
dba HUNGRY HUNTER STEAKHOUSE # 210709; and WILLARD H. FRAZIER,
inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiffs DAREN HEATHERLY and

IRMA RAMIREZ according to proof.

Dated: _7/u/08_ , 2008        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                  THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ
                             and DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                             SERVICES:HELPING YOU HELP OTHERS, a California public
                             benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _7/1/08_ , 2008        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                  THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs DAREN HEATHERLY, IRMA RAMIREZ
                             and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                             SERVICES:HELPING YOU HELP OTHERS, a California public
                             benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

Recycled    Stock # R DOA-10-B

Irma Ramirez
734 Morton Way
Santa Rosa, CA  95404

May 28, 2008

Manager
Hunter Steakhouse
3785 Cleveland Ave.
Santa Rosa, CA 95403

Dear Manager of Hunter Steakhouse:

My husband and I are wheelchair users. Because we use wheelchairs, it can be difficult to use restrooms that are not easy to use.

We've been to Hunter Steakhouse on a couple of occasions and have used the restrooms. The restrooms at Hunter Steakhouse have the old-fashioned stalls for the disabled. They're too narrow, too short, too little and the grab bars are awkward because of this. So, the problem is your restrooms aren't really usable. We like the place and will probably come back before you can fix.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Hunter Steakhouse once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

May 28, 2008

Owner of Building
Hunter Steakhouse
3785 Cleveland Ave.
Santa Rosa, CA 95403

Dear Owner of Building for Hunter Steakhouse:

My husband and I are wheelchair users. Because we use wheelchairs, it can be difficult to use restrooms that are not easy to use.

We've been to Hunter Steakhouse on a couple of occasions and have used the restrooms. The restrooms at Hunter Steakhouse have the old-fashioned stalls for the disabled. They're too narrow, too short, too little and the grab bars are awkward because of this. So, the problem is your restrooms aren't really usable. We like the place and will probably come back before you can fix.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Hunter Steakhouse once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez